United States District Court
Southern District of Texas

**ENTERED**

July 14, 2026

Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| Yaqueline Chiquinguira Portillo de Marquez, | § § § | |
| Petitioner, | § § | |
| v. | § § | Civil No. 4:26-cv-2073 |
| Markwayne Mullin,[1] *et al.*, | § § | |
| Respondents. | § § | |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Yaqueline Chiquinguira Portillo de Marquez is a native and citizen of Venezuela who concedes that she unlawfully entered the United States in 2021. Docs. 1 at 5, 7 at 2, 8 at 3. On February 14, 2026, she was detained by the Department of Homeland Security pursuant to 8 U.S.C. § 1225(b), and she remains in the custody of Respondent, Warden of the Houston Contract Detention Facility in Conroe, Texas. Docs. 1 at 4, 7 at 2. Petitioner seeks a writ of *habeas corpus* under 28 U.S.C. § 2241 on the grounds that her present detention without a bond hearing violates (i) substantive due process; (ii) procedural due process; and (iii) the prohibition on *ultra vires* agency action.

---

[1] The Petition names Kristi Noem in her official capacity as Secretary of the United States Department of Homeland Security and Pamela Bondi in her official capacity as United States Attorney General. Doc. 1 at 3. Markwayne Mullin is automatically substituted as a Respondent in this action in his official capacity as the Secretary of the United States Department of Homeland Security, and Todd Blanche is automatically substituted as a Respondent in this action in his official capacity as the United States Acting Attorney General. Fed. R. Civ. P. 25(d). The Clerk of Court is **DIRECTED** to terminate Kristi Noem and Pamela Bondi and substitute Markwayne Mullin and Todd Blanche on the docket sheet.

Now before the Court is Respondents' Motion for Summary Judgment, Doc. 7, to which Petitioner has responded in opposition, Doc. 8. Respondents maintains that Petitioner is not entitled to a bond hearing because she is an "applicant for admission" under 8 U.S.C. § 1225(b)(2)(A) and is therefore subject to mandatory detention during her removal proceedings. *See* Doc. 7; *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026).

This Court has previously resolved the precise due-process challenges raised by Petitioner, determining that the government may subject aliens awaiting a final removal order to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *See Campos Bernal v. Frink*, 4:26-cv-2239, 2026 WL 1804234 (S.D. Tex. June 23, 2026). The Court held that for aliens such as Petitioner, pre-removal-order detention is both demanded by the Immigration and Nationality Act and a constitutionally permissible part of the removal process. *See id.* at *1, *4 (citing *Demore v. Kim*, 538 U.S. 510, 531 (2003)).

The Court also rejects Petitioner's claim for *ultra vires* agency action. An act of a federal agency is *ultra vires* if it exceeds the authority given that agency by Congress. *See United States v. Underwood*, 61 F.3d 306, 311 (5th Cir. 1995). Petitioner does not argue that DHS has exceeded its statutory authority, but rather that her re-detention violates "binding agency precedent." Doc. 1 at 11–12. Specifically, she claims that because she was previously released on an order of recognizance, Respondents' decision to re-detain her without identifying materially changed circumstances or articulating a reasoned basis for departing from her prior custody determination was impermissible. *See id*. Because she

relies on past agency action rather than statutory authority, she fails to state an *ultra vires* claim. *See Underwood*, 61 F,3d at 311.

Even if the Court were to construe the challenge as an improperly styled *Accardi*[2] claim, Petitioner's argument still fails. She effectively seeks to bind the current Administration to previous decisions as to the enforcement of a statute that clearly applies to Petitioner. "Courts have been exceedingly reluctant to grant equitable estoppel against the government." *Robertson-Dewar v. Holder*, 646 F.3d 226, 229 (5th Cir. 2011). This is so because "[w]hen the Government is unable to enforce the law because the conduct of its agents has given rise to an estoppel, the interest of the citizenry as a whole in obedience to the rule of law is undermined." *Heckler v. Cmty. Health Servs. of Crawford Cnty., Inc.*, 467 U.S. 51, 60 (1984).

Petitioner's claim presents the same concerns identified in *Robertson-Dewar* and *Heckler* and would undermine the Government's ability to change its position based on shifts in public policy. The Supreme Court has recognized that the Government "may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings." *Demore*, 538 U.S. at 526. Although prior administrations declined to enforce Section 1225(b)(2)(A) against aliens such as Petitioner, such a decision does not alter the statutory text or the Government's authority to lawfully detain Petitioner during removal proceedings. Furthermore, to the extent that Petitioner seeks to challenge the

---

[2] The *Accardi* Doctrine requires agencies to follow their own rules and procedures. *See United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260 (1954).

circumstances surrounding and justification for her underlying arrest, this Court has previously joined several courts in this and neighboring federal districts in holding that "an illegal arrest has no bearing on the legality of detention following that arrest." *See Campos Bernal*, 2026 WL 1804234, at *7

As such, Respondent's Motion for Summary Judgment is GRANTED, and the Petition for writ of *habeas corpus* is DENIED. This action is DISMISSED WITH PREJUDICE. A final judgment will be entered separately.

**SO ORDERED.**

**SIGNED** at Houston, Texas, on the 14th of July, 2026.

_____
Nicholas J. Ganjei
United States District Judge